**Eduardo Alfredo VERA–MORLAS, a.k.a. Eduardo Vera Morales, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73601.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 24, 2010.

Elsa Ines Martinez, Esquire, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

Brianne Whelan Cohen, Trial, Oil, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Eduardo Alfredo Vera–Morlas, a native and citizen of Ecuador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including whether a conviction qualifies as a crime involving moral turpitude. *See Galeana–Mendoza v. Gonzales,* 465 F.3d 1054, 1056–57 (9th Cir.2006). We deny the petition for review.

We disagree with Vera–Morlas' contention that the BIA's order specifically limited the proceedings on remand and that the government therefore was barred from filing additional charges of removability on remand. *See* 8 C.F.R. § 1240.10(e) ("At any time during the proceeding, additional or substituted charges of [removability] . . . may be lodged"). In addition, the doctrine of res judicata does not bar the government from filing additional charges of removability against Vera–Morlas because the BIA's remand order is not a final judgment, rendered on the merits in a separate action. *See Valencia–Alvarez v. Gonzales,* 469 F.3d 1319, 1323–24 (9th Cir.2006).

The agency properly found Vera–Morlas removable under 8 U.S.C. § 1227(a)(2)(A)(ii) by determining that his petty theft and grand theft convictions are categorically crimes involving moral turpitude. *See United States v. Esparza–Ponce,* 193 F.3d 1133, 1136–37 (9th Cir.1999) (holding that petty theft constitutes a crime involving moral turpitude); *see also*

*Rashtabadi v. INS,* 23 F.3d 1562, 1568 (9th Cir.1994) (holding that grand theft is a crime involving moral turpitude).

Vera–Morlas' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

